TALLMAN, Circuit Judge,
dissenting in part and concurring in part:
I concur in the judgment and parts III. B.l — 2—that the appeal is not moot — and III.B.4 — that appellants are not entitled to attorney’s fees. I continue to believe that the appellants lack standing to bring this suit, Renee II, 623 F.3d at 800-807, and would dismiss this appeal for the reasons I previously explained.
I agree that if we were to reach the merits, the passage of § 163 did not make this appeal moot. However, the majority’s detailed discussion of § 163 is extraneous dicta. Section 163 explicitly modifies NCLB to include the definition for “highly qualified teacher” contained in 34 C.F.R. § 200.56(a)(2)(ii). Because the regulation can no longer violate NCLB, it is unnecessary for the majority to address in this opinion whether- — prior to the enactment of § 163 — the challenged regulation violated NCLB.
Any discussion about the pre § 163 regulation is largely immaterial to the issue now before us because it depends upon a prediction of what Congress may do in 2013. What Congress has done is “prospectively overrule[] Renee II.” Op. at 1018. Under the law of the case doctrine it appears that should Congress fail to act by 2013 the majority’s opinion in Renee II would control. Given enactment of § 163, however, the discussion of whether the regulation violated NCLB pre § 163 becomes wholly irrelevant. I therefore do not join that part of the majority’s opinion.